Opinion issued July 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

———————————— 

NO. 01-10-00358-CR

 

IN Re Warren Lee Gardiner, Relator

 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Relator,
Warren Lee Gardiner, has filed in this Court a pro se document styled
"application for writ of mandamus." 
We construe relator's document as a petition for writ of mandamus.  In his petition relator requests that we
order respondents[1] to correct the records of
the Texas Department of Criminal Justice related to his convictions in the
248th District Court of Harris County in cause numbers 534487 and 534488.  We deny the petition.

          This
Court has mandamus jurisdiction against a district court judge or county court
judge in our district, and all writs necessary to enforce our jurisdiction.  See Tex.
Gov=t Code Ann. ' 22.221 (Vernon 2009).  We have no authority to issue a writ of
mandamus against a district clerk unless such is necessary to enforce our
jurisdiction.  In re Coronado, 980
S.W.2d 691, 692 (Tex. App.CSan Antonio 1998, orig. proceeding).  It is appellant=s burden to provide this Court with a
sufficient record to establish his right to mandamus relief.  Walker v. Packer, 827 S.W.2d 833, 837
(Tex. 1992) (orig. proceeding).

          In
addition, there are three prerequisites for the issuance of a writ of mandamus
by an appellate court, namely:  (1) the
lower court must have a legal duty to perform a nondiscretionary act; (2) the
relator must make a demand for performance; and (3) the subject court must
refuse that request.  Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig. proceeding).  Relator has not provided us with a record
that shows that he made any request of respondent trial court judge to perform
a nondiscretionary act that respondent refused.

          Therefore,
we deny the petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Keyes,
Higley, and Hanks.

Do
not publish.   Tex. R. App. P. 47.2(b). 

 

 











[1]
          Relator names as respondents the 248th District
Court and Loren Jackson, Harris County District Clerk, as the respondent.  Relator’s petition does not contain a
certificate of service stating that he served Loren Jackson or the 248th
District Court Judge. See Tex. R. App.
P. 9.5.